The opinion of the court was delivered by
Bermudez, O. J.
This controversy involves the validity of an authentic will of a wife in favor of her husband; the liability of the latter for rents, since the death of the former, of property left by her, *400 and of which he had possession; the right of the husband to recover from the succession certain money claims which he sets up, should the will be amended.
The plaintiff, who is a sister of the' deceased wife, charges the nullity of the will, which is in the nuncupative form by public act, on the main ground that it does not appear from its contents that it was written by the notary who received it.
It would be cumbersome to incorporate here the proees verbal of the making of the will as prepared by the notary.
It suffices to say, that there was made by that official no statement-that he has written the will, and that the omission to make express mention of that important fact is fatal to the validity of the instrument, as no proof can be adduced aliunde to supplement the omission.
The notary declares that he was .called on by the testatrix ‘ ‘ to write, at her dictation, her last will and testament;” that she did “ dictate to me (him) the following, as her last will and testament,” which it is needless to transcribe, and he concludes by stating that the testatrix having heard the will read, declared, etc.
Surely, from that statement, it appears that the notary was called on to write the will; that the testatrix dictated it, and that it was read to her, but it does not appear that the notary wrote it down after the dictation. There is nothing in the language used from which it can be deduced that he did so. He ought to have so declared expressly, or used analogous terms. His failure to have done so causes the invalidity of the instrument. It makes no difference that in truth he did write it, for it is a circumstance which can not be legally established otherwise than by the declaration of the notary in the act itself.
Art. 1578, R. O. 0., and the jurisprudence expounding it, unmercifully demand that express mention be made of the dictation, writing down and reading, and, for a failure to observe the formalities prescribed, the subsequent article, 1595, emphatically declares that the testament shall be null and void.
It is needless to refer specially to other authorities to show that unless the notary declares that he has written down the will, or employs words of equivalent import, the will is a nullity.
There can be no doubt that, under the proof and the admission, the plaintiff is the nearest of kin of the deceased and therefore her sole *401 heir at law. She is consequently entitled to be so recognized andi has a standing in court to make further demands.
She claims that the defendant, her sister’s surviving husband, owes, her the rents of the property left by his deceased wife, from the-time of her death up to settlement, at the rate of $25 per month.
To this the defendant answers, that being a possessor in good faith,, he is not accountable for such rents, which he besides denies having-received.
The defendant was in possession of the property, not merely by virtue of the will by which it was bequeathed to him, but of a judicial decree, which ordered “that its provisions be executed.”
Neither the will, nor the decree made to carry it out, were absolutenullities, for their validity could have been acquiesced in, expressly or impliedly, as being in favor of .private individuals.
By the lapse of time, five years, R. C. C. 3542, an action to annul it would have been barred.
The defendant was in good faith when he deposited the will in court; the officer who made the decree for its execution thought it, was a valid will; the attorneys who presented it to the court were under the same impression; the plaintiff herself, and her counsel, for a time, did not suspect its invalidity, for a claim for money was made by them, from the defendant, treating him, as it were, as the. testamentary heir of the deceased.
The defendant has set up the fact of this claim as an estoppel, shutting out plaintiff from the present suit; but it has none of the essential elements which can affix upon it the character of a formal and knowing acknowledgment of the will as a valid instrument, and can not therefore be considered as a ratification of an act as valid, which was known not to be so.
It can serve however to show that the defendant could be in good faith when he treated the will as valid, as his wife’s sister, the only-person who could have raised adverse rights, herself had taken it to-be so.
Viewed as a possessor in good faith, the defendant can not beheld responsible for all the rents claimed.
The District Judge, after hearing the evidence adduced, thought, that the rent could be put down at $17.50 per month, and rightly allowed it from the date of judicial demand.
*402 The plaintiff further claims the value of property of the wife alleged to have been disposed of by the husband since the death. The record does not show that the defendant has done any such act. The District Judge thus found and so do we.
In his reconventional demand the defendant had set up claims aggregating $2075, which were allowed below, to the extent of $578.50 only.
In his brief on appeal, the defendant has stated the different items on which he now insists, and which sum up $2122.
The items for $450 for improvements put upon the property of the wife before, and for $250 for similar improvements after her death, have been formally admitted as correct.
The plaintiff, however, contends that, having made an election under Art. 508, R. O. 0., this demand can be settled by the defendant taking and removing the building; but that very article, in its last paragraph, expressly provides that, if the edifices or works have been made by a third person, evicted and not sentenced to make restitution of fruits, because such person possessed bona fide, the owner shall not have the right to demand the demolition of the work, but shall have his choice, either to reimburse the value of the material and the price of workmanship, or to pay a sum equal to the enhanced value of the soil.
The remaining items, one for $150, paid by the husband out of his -separate funds, to extinguish a mortgage on the wife’s property, another for $100, to pay fees to an attorney, another for a like amount, paid for her account, and another for $30, paid in the same way, and finally one for funeral expenses for $42, are not so well established as to be allowed in full.
The District Judge who heard the numerous witnesses who testified in the case, and the defendant himself, came to the conclusion that he was entitled to recover $578.50 only.
The appeal was taken by the defendant, and the plaintiff, answering, joined in the same, praying for an affirmance of the judgment as far as it benefits her, and its reversal otherwise.
We think that the District Judge has done substantial justice.
Judgment affirmed.